Filed 7/30/24  P. v. Gonzales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081613 |
| v. | (Super. Ct. No. FVA011613) |
| VICTOR GONZALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Knish, Judge.  Reversed and remanded with directions.

Melissa Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, James M. Toohey, and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant Victor Gonzales appeals the trial court's order denying his Penal Code[1] section 1172.6 (formerly § 1170.95)[2] petition to recall his attempted murder (§§ 664/187) conviction and for resentencing. On appeal, defendant contends the trial court erred in summarily denying his petition without issuing an order to show cause and holding an evidentiary hearing because it impermissibly engaged in factfinding at the prima facie stage by relying on this court's prior opinion from defendant's direct appeal. Contrary to the trial court, we conclude defendant's record of conviction does not foreclose relief as a matter of law because the jury may have found defendant guilty of natural and probable consequences attempted murder without finding that he harbored malice aforethought, which is no longer a permissible theory of murder liability under the amendments to the state's murder laws. Because we cannot rule out the possibility that defendant may have been convicted of murder under a theory of liability that is no longer legally valid, we reverse the summary denial order and remand the matter with directions that the trial court issue an order to show cause and conduct further proceedings as are required by section 1172.6.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

At approximately 1:30 p.m. on March 7, 1999, Jose Fuerte, Daniel Munoz, and

---

[1] Unless otherwise specified, all future statutory references are to the Penal Code.

*[footnote continued on next page]*

2

Steven Reynolds, all three of whom were members of the Trece Fontana Kings gang (TFK), were at a Baker's Restaurant in Fontana. At that time, three other males, defendant, Neal Shackelford, and codefendant Adan Flores, entered the restaurant. Defendant and his companions were members of a rival gang, Westside Fontana or Westside Diablos. One of the men in defendant's group asked Fuerte and his companions where they were from. When they responded, someone from defendant's group said, "'It's going down right now.'" Apparently, a couple of weeks before this confrontation, TFK gang members attacked defendant and beat him up. At some point, defendant, who was the only one carrying a weapon, flashed his gun.

After eating their meals, defendant and his companions walked out of the restaurant and waited for the other group. As his group exited the restaurant, Fuerte took off his shirt and asked defendant to fight one-on-one without weapons. One of defendant's companions told Fuerte to "'[c]ome over here.'" Fuerte responded, "'Right here. We don't need to go over there.'" At about this time, Shackelford yelled, "'Cap his

---

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 (Stats. 2022, ch. 58, § 10), without substantive changes to the statute's content. We hereafter cite to section 1172.6 for ease of reference.

[3] The factual background is taken from this court's prior nonpublished opinion in defendant's direct appeal, case No. E027214, which is found in the clerk's transcript of the present appeal. (*People v. Gonzales* (Mar. 16, 2001, E027214) [nonpub. opn.] (*Gonzales I*).) We granted the People's request to take judicial notice of defendant's record of conviction from his direct appeal in case No. E027214.

ass.'"  Defendant then retrieved his gun from his waistband and fired six rounds at Fuerte.

After Fuerte's group scrambled to their car and drove away, Fuerte realized that he had been shot in his right arm and right thigh.  Several bullets also hit the car.

Police officers eventually found defendant hiding in an attic and arrested him.

A jury found defendant guilty of attempted murder (§§ 664/187), but it could not reach a verdict as to the premeditation allegation.  The jury found true the allegations that defendant used a firearm (§ 12022.53, subd. (b)), that defendant personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)), that a principal personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (e)(1)), and that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)).[4]  The trial court eventually dismissed the allegation that the attempted murder was premeditated and that the crime was committed for the benefit of a gang.  The court sentenced defendant to a total prison term of 34 years to life (the upper term of nine years for the attempted murder plus a consecutive term of 25 years to life for the § 12022.53, subd. (d) allegation; the remaining terms were stayed).

This court conditionally affirmed defendant's judgment in a nonpublished opinion filed March 16, 2001, and remanded to the trial court with directions to hold a hearing on

_____

[4]  The jury found codefendant Flores not guilty of attempted murder.

4

defendant's posttrial *Marsden*[5] motion.  We noted, "If the trial court denies the motion, or the trial court grants the motion and a new trial motion is either not made or is denied, the original judgment shall be reinstated."

On January 4, 2023, defendant in pro. per. filed a petition for resentencing under section 1172.6 and Senate Bill No. 775.  Defendant asserted that (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime under the natural and probable consequences doctrine, (2) he was convicted of attempted murder following a trial, and (3) he could not now be convicted of attempted murder because of changes to sections 188 and 189 made effective January 1, 2019.  Defendant requested that counsel be appointed to represent him.  In support, defendant attached the relevant jury instructions and verdicts given to the jurors at the time of trial, the felony complaint, the information, the abstract of judgment, the reporter's transcript of a postjudgment hearing, and the reporter's transcript of the motion for new trial and sentencing hearing.

On February 21, 2023, the People filed opposition to defendant's petition for resentencing and request for judicial notice of defendant's record of conviction.  The People argued that defendant's record of conviction, without weighing the evidence or making a factual determination, showed defendant was ineligible for relief as a matter of

---

[5] *People v. Marsden* (1970) 2 Cal.3d 118.

law as he was the actual shooter. In support, the People attached our prior nonpublished opinion in *Gonzales I*, case No. E027214.

A prima facie hearing to determine defendant's eligibility was held on June 27, 2023. The prosecutor argued that while the jury was given instructions on the natural and probable consequences theory, since this was an attempted murder case, the elements for attempted murder specify that the perpetrator has to have the specific intent to kill. The prosecutor further noted that because the jury found the section 12022.53, subdivision (d) [personal discharge of a firearm proximately causing great bodily injury] allegation true, malice is not being imputed to defendant since he is the actual perpetrator. Following argument, the trial court denied defendant's section 1172.6 petition, finding defendant was the actual shooter and ineligible as a matter of law. The court explained, "I think he was the shooter. And I'm basing this on Ms. Mann's summary of the appellate opinion, which the Court can consider. And it said that the Defendant retrieved his gun and fired six rounds at [the victim]. The jury's verdict notwithstanding, I think that happened. Those are the facts. He's the actual shooter, and the natural-and-probable-consequence instruction is not of consequence given that. So I will deny the prima-facie showing at this point." Defendant timely appealed.

III.

DISCUSSION

Defendant contends the trial court erred in summarily denying his section 1172.6 petition for resentencing because the court engaged in impermissible factfinding at the

6

prima facie stage by relying on the description of the crime set forth in our prior nonpublished opinion from his direct appeal. He thus believes the matter should be remanded for further proceedings. We agree.

A. *Standard of Review*

We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) A denial at this stage is appropriate if the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*).)

B. *Legal Principles*

Senate Bill No. 1437, effective January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) With a narrow exception for peace officer victims (§ 189, subd. (f)), the Legislature effectively eliminated murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major

7

participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong*, *supra*, at pp. 707-708.) Specifically, the Legislature amended section 188 to require that, except in cases of first degree felony murder, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Brown* (2023) 14 Cal.5th 453, 468, fn. 7; *People v. Guiffreda* (2023) 87 Cal.App.5th 112, 122.)

Senate Bill No. 1437 also added section 1172.6 (former § 1170.95) to the Penal Code, creating "a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, *supra*, 11 Cal.5th at p. 957; see Stats. 2018, ch. 1015.) Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.) As amended by Senate Bill No. 775, section 1172.6, subdivision (a) provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts."

8

An offender must file a petition in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;] [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3); see also *id.*, subd. (b)(1)(A).) Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (*Id.*, subd. (b)(1)(C).)

"Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3).) The prosecutor shall file a response within 60 days of the service of the petition, and the petitioner may file a reply within 30 days of the response. (*Id.*, subd. (c).) When briefing has been completed, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief."

9

(*Ibid*.)  "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid*.)

In determining whether a petitioner has made a prima facie showing of entitlement to relief, the trial court's inquiry will necessarily be informed by the record of conviction, which facilitates the court's ability to distinguish "petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  The court may not engage in "'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id*. at p. 972.)  Rather, the court must "'"take[] [the] petitioner's factual allegations as true"'" and make a "'"preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'" (*Id*. at p. 971.)  Summary denial is appropriate where the record of conviction establishes the petitioner is ineligible for resentencing as a matter of law.  (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945; *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

At the evidentiary hearing following issuance of an order to show cause, the superior court acts as an independent fact finder, and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under California law as amended by Senate Bill No. 1437.  (§ 1172.6, subd. (d)(3); *People v. Garrison* (2021) 73 Cal.App.5th 735, 745; *People v. Strong*, *supra*, 13 Cal.5th at p. 709.)  The petitioner and the prosecutor may offer new or additional evidence, and the court may consider evidence "previously admitted at any prior hearing

or trial that is admissible under current law," including witness testimony. (§ 1172.6, subd. (d)(3).)

C. *Analysis*

Defendant contends the trial court committed reversible error by summarily denying his petition based on the facts from this court's prior opinion in his direct appeal. Specifically, he argues the jury here "received instructions that would have permitted conviction of attempted murder on the theory that the crime of attempted murder was the natural and probable consequence of the commission of the target crime of 'challenging to fight,'" and because the jury was instructed on the natural and probable consequences theory of liability for attempted murder, that established his prima facie eligibility for resentencing. The People counter defendant's record of conviction shows he was the actual shooter and thus ineligible as a matter of law. The People further assert "the [trial court] did not engage in impermissible factfinding at the prima facie stage, and to the extent it did, reversal is unwarranted because a correct judgment, even if based on an incorrect reason, must be affirmed on any legally valid basis."

Here, the trial court erred in denying the petition because the record does not support a conclusion that defendant was ineligible as a matter of law. First, there is nothing in this record to support a finding that the jury expressly found defendant specifically intended to kill the victim. Thus, there is nothing to reflect that the jury dispositively determined that defendant acted with intent to kill.

11

Second, even if there were an express intent to kill finding, this, in and of itself, would not render defendant ineligible for relief. (*People v. Curiel* (2023) 15 Cal.5th 433, 460, 463.) This is because the jury was presented with two theories under which it could find defendant guilty of attempted murder: (1) it could find that defendant had the specific intent to kill (CALJIC No. 8.66); or (2) it could find defendant intended to challenge a fight, of which the attempted murder was the natural and probable consequence (CALJIC No. 3.02). The jury might have convicted defendant of natural and probable consequences attempted murder with a target crime of "challenging to fight" without finding beyond a reasonable doubt that he acted with malice aforethought—a theory of murder liability that is no longer legally permissible.

"'The natural and probable consequences doctrine was recognized at common law and is firmly entrenched in California law as a theory of criminal liability.'" (*People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 904-905.) The natural and probable consequences doctrine provides that "'''[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime.'''" (*Id*. at p. 905.) "Because the jury was instructed on the natural and probable consequences doctrine, the jury was required to find only that [defendant] . . . intended to commit one of the underlying target offenses and that [defendant] intended . . . *that* offense, not [attempted] murder. Nor was the jury required to find that the underlying target offenses, themselves, were dangerous to human

12

life." (*People v. Curiel*, *supra*, 15 Cal.5th at pp. 468, 471 ["The jury could have relied on the natural and probable consequences doctrine to convict [defendant] of [attempted] murder, and the findings required under that theory—even when combined with [a] finding of intent to kill . . . do not encompass all of the elements of any theory of [attempted] murder under current law."].)  Thus, the jury could have found defendant guilty only under the natural and probable consequences doctrine.

Both the People and the court below appear to have been under the belief that because the court instructed the jury with CALJIC No. 8.66, which requires that a defendant harbor "a specific intent to kill unlawfully another human being," the jury necessarily found defendant intended to kill the victim.  This is apparently regardless of the trial court's additional instruction of the jury with CALJIC No. 3.02.  However, CALJIC No. 8.66 provided only one of two theories under which the jury could have found defendant guilty of attempted murder.  The court's instruction of the jury with CALJIC No. 3.02 gave the jury the option of rejecting a finding that defendant acted with the specific intent to kill.  Otherwise, the court's instruction of the jury with CALJIC No. 3.02 would have been mere surplusage.

Third, the jury did find that defendant personally and intentionally discharged a firearm and proximately caused great bodily injury.  (§ 12022.53, subd. (d).)  On that basis, the People argue the jury must have found defendant guilty of attempted murder as the direct perpetrator or actual killer.  But while section 12022.53, subdivision (d) provides that a defendant must have intended to discharge a firearm, it "does not refer to

13

an 'intent to achieve any additional consequence.'" (*People v. Offley* (2020) 48 Cal.App.5th 588, 598 (*Offley*), quoting *People v. Lucero* (2016) 246 Cal.App.4th 750, 759.)

In *Offley*, *supra*, 48 Cal.App.5th 588, Offley was one of five defendants charged with taking part in a gang-related shooting during which one victim was killed and another was seriously injured. (*Id*. at p. 592.) A jury convicted him of second degree murder and found he had personally and intentionally discharged a firearm, proximately causing great bodily injury and death to the victim (§ 12022.53, subd. (d)). (*Offley*, *supra*, at p. 593.) Thereafter, the trial court denied Offley's petition for relief pursuant to former section 1170.95 at the prima facie stage based on the true finding as to the allegation Offley had intentionally fired a weapon at the victim and caused great bodily injury and death (§ 12022.53, subd. (d)). (*Offley*, *supra*, at p. 597.) The *Offley* court reversed the denial of the petition, holding that the section 12022.53, subdivision (d) enhancement did not establish as a matter of law that Offley acted with malice aforethought. (*Offley*, *supra*, at p. 597.) The *Offley* court reasoned, the enhancement does not require the prosecution to prove the defendant harbored a particular mental state as to the victim's injury or death, meaning it does not establish the defendant acted with malice aforethought. (*Id*. at p. 598.) And the *Offley* court could not rule out the possibility the jury relied on the natural and probable consequences doctrine in convicting the defendant in that case. (*Id*. at p. 599.)

The People's attempt to distinguish *Offley* from the present matter is unavailing. We acknowledge that in *Offley* there was evidence of at least three shooters. (*Offley*, *supra*, 48 Cal.App.5th at p. 592.) We also acknowledge that the trial evidence in this case, as summarized in the previous opinion and the parties' briefs, could support an inference not only that defendant was the sole shooter but also that he fired shots with the express intent to kill. However, as in *Offley*, we cannot conclude the jury's true finding on the intentional and personal discharge of a firearm (§ 12022.53, subd. (d)) enhancement on its own necessarily rendered him ineligible for relief. The record before us does not preclude the possibility that defendant could have been convicted under a now invalid theory. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 479, 484-485 [concluding language in information charging murder was generic and did not limit prosecution to particular theory, and defendant's admission to personal use of firearm enhancement also did not preclude possibility of prosecution under felony-murder theory]; see generally *In re Ferrell* (2023) 14 Cal.5th 593, 604 [§ 12022.53, subd. (d) finding was not dispositive of whether defendant harbored malice].) Thus, we cannot say that the jury's finding on the section 12022.53, subdivision (d) enhancement, alone, rendered defendant ineligible for relief as a matter of law.

Significantly, the jury was not asked to specify the theory under which it found defendant guilty of attempted murder, even as the lone shooter. In finding that he personally and intentionally discharged a firearm, the jury need not have also found that defendant intended to kill by doing so because the now-invalid natural and probable

15

consequences doctrine allowed a conviction for attempted murder without a finding of express intent to kill. Denying defendant's petition at the prima facie stage therefore required "'factfinding involving the weighing of evidence or the exercise of discretion'" which is not permitted, as the "'prima facie bar was intentionally and correctly set very low.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

"Because the trial court must consider the trial evidence and assess the strength and credibility of the evidence, section 1172.6 requires that it issue an order to show cause and conduct an evidentiary hearing. We remand the section 1172.6 proceedings for that purpose." (*People v. Campbell* (2023) 98 Cal.App.5th 350, 357.)

IV.

DISPOSITION

The order denying defendant's petition under section 1172.6 is reversed and the matter is remanded with instructions to issue an order to show cause and conduct an evidentiary hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

FIELDS
J.

MENETREZ
J.

16